UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW); and
THOMAS BODE, BRUCE EATON,
WILLIAM BURNS, PETER ANTONELLIS, and
LARRY PRESTON, for themselves and
others similarly-situated,

       Plaintiffs,

v.

HONEYWELL INTERNATIONAL INC.,

       Defendant.

_____/

Case No. _____

Class Action

U.S. District Judge _____

**COMPLAINT AND JURY DEMAND**

Plaintiff International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), and individual plaintiffs Thomas Bode, Bruce Eaton, William Burns, Peter Antonellis, and Larry Preston for themselves and other similarly-situated retirees, dependents, and surviving spouses, file this complaint against defendant Honeywell International Inc. to enforce rights to lifetime retirement healthcare benefits and coverage under collective bargaining agreements and employee welfare plans and to enforce promises that Honeywell will pay the full premiums for healthcare for these retirees, their dependents, and surviving spouses.

1.    Plaintiffs seek to protect and enforce rights to collectively-bargained lifetime retirement healthcare negotiated by the UAW for the individual plaintiffs and those similarly-situated and for their dependents and surviving spouses.

2.      In a lawsuit seeking a declaratory judgment, defendant Honeywell announced that effective January 1, 2012, it will impose premium obligations upon the individual plaintiffs and proposed class members, and that it will limit its retirement healthcare premium payments to the greater of the actual amount of Honeywell's 2007 retirement healthcare payments or to Honeywell's actuary's 2003 estimate of Honeywell's 2007 retirement healthcare payments.

3.      Honeywell has not disclosed the dollar amount of the premium obligations to be imposed on retirees and proposed class members or its plans for implementing those obligations. Honeywell's anticipated imposition of premium obligations on individual plaintiffs and other proposed class members will cause injury and could result in loss of healthcare.

## Jurisdiction and Venue

4.      This Court has jurisdiction under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185; under 29 U.S.C. §§1331 and 1337; and under Sections 502(a)(1)(B), (a)(3), (e), and (f) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132(a)(1)(B), (a)(3), (e), and (f).

5.      Venue is proper in this district under LMRA Section 301(a), 29 U.S.C. §185(a), and under ERISA Sections 502(e)(2) and (f), 29 U.S.C. §§1132(e)(2) and (f).

6.      For more than 50 years, in the Eastern District of Michigan, Honeywell and its predecessors (including Bendix Aviation Corp., Bendix Corp., Allied Corp., Allied-Signal, Inc., and AlliedSignal, Inc.) and UAW negotiated the governing master collective bargaining agreements ("CBAs").  In addition, members of the proposed class are located in the Eastern District of Michigan and elsewhere throughout the United States.

## Parties

7.     Plaintiff and class representative Thomas Bode resides in Canton, Michigan.  He began to work for Bendix (Honeywell's predecessor) in 1966 in South Bend, Indiana, retired in 2008, and while employed was a member of a UAW-represented bargaining unit.

8.     Plaintiff and class representative Bruce Eaton resides in Lakeville, Indiana.  He began to work for Bendix (Honeywell's predecessor) in 1966 in South Bend, Indiana, retired in 2011, and while employed was a member of a UAW-represented bargaining unit.

9.     Plaintiff and class representative William Burns resides in Troy, New York.  He began to work for Bendix (Honeywell's predecessor) in 1969 in Green Island, New York, retired in 2000, and while employed was a member of a UAW-represented bargaining unit.

10.     Plaintiff and class representative Peter Antonellis resides in Fairfield, New Jersey. He began to work for Bendix (Honeywell's predecessor) in 1955 in Teterboro, New Jersey, retired in 1994, and while employed was a member of a UAW-represented bargaining unit.

11.     Plaintiff and class representative Larry Preston resides in Simi Valley, California. He began to work for Bendix (Honeywell's predecessor) in 1961 in Sun Valley, California, retired in 2002, and while employed was a member of a UAW-represented bargaining unit.

12.     Plaintiff UAW is a labor organization representing workers in industries affecting commerce within the meaning of 29 U.S.C. §§142, 152, and 185.  Since its formation in 1935, the UAW's headquarters have been in Detroit, Michigan.  Since 1951, the UAW's headquarters have been at 8000 East Jefferson Avenue, Detroit, Michigan.

13.     Defendant Honeywell is an employer engaged in commerce within the meaning of 29 U.S.C. §§142, 152, and 185.  Individual plaintiffs and proposed class members worked at manufacturing plants operated by Honeywell and its predecessors throughout the United States,

including but not limited to, in Michigan, Ohio, California, Indiana, New Jersey, and New York. Currently, Honeywell has an office in Wixom, Michigan, a Honeywell HR Services office in Plymouth, Michigan, its main office in New Jersey, and other offices and facilities throughout the United States.

14.    Honeywell is a party or successor to various collective bargaining agreements ("CBAs") with UAW which obligate Honeywell to provide fully-paid lifetime retirement healthcare for the individual plaintiffs and other former union-represented employees retired from various plants owned and operated by Honeywell and its predecessors throughout the United States, who, while employed, were members of UAW-represented collective bargaining units, and for the dependents and surviving spouses of those retired employees.

## Summary of Facts

15.    The UAW was the collective bargaining representative of the individual plaintiffs and others in collective bargaining units at various plants owned and operated by Honeywell and its predecessors in Michigan and elsewhere in the United States.

16.    For more than 50 years, the UAW negotiated a series of master CBAs with Honeywell and its predecessors (including Bendix Aviation Corp., Bendix Corp., Allied Corp., Allied-Signal, Inc., and AlliedSignal, Inc.) governing the terms and conditions of unit members' employment; these CBAs included promises of employer-paid lifetime retirement healthcare for retirees and their dependents and surviving spouses.

17.    On information and belief, Bendix Aviation Corporation was renamed Bendix Corporation in 1960, and in 1983 was acquired by or merged with Allied Corporation.  Bendix was headquartered in Southfield, Michigan.

18.     On information and belief, in 1985, Allied merged with the Signal Companies and became known as Allied-Signal and, in 1993, changed its name to AlliedSignal.

19.     On information and belief, in 1999, AlliedSignal acquired or merged with Honeywell and took the name Honeywell International Inc.

20.     For more than 50 years, the master CBAs negotiated between UAW and Honeywell and its predecessors were negotiated in Romulus, Michigan or elsewhere within the Eastern District of Michigan.

21.     Since at least 1961, the master CBAs between UAW and Honeywell and its predecessors promised that the employer would pay the full premium costs of lifetime retirement healthcare for employees who retired from UAW-represented collective bargaining units and for their dependents and surviving spouses.

22.     Honeywell is obligated under the current and prior master CBAs between UAW and Honeywell and its predecessors to pay the full premium costs of retirement healthcare for employees who retired during the terms of these CBAs, and for their dependents and surviving spouses, including for the individual plaintiffs and proposed class members.

23.     At the time the language promising lifetime retirement healthcare benefits was first negotiated, Bendix was headquartered in Southfield, Michigan, within the Eastern District of Michigan.

24.     The 2003 master CBA between UAW and Honeywell includes language establishing the minimum amount Honeywell must pay for retirement healthcare after 2007 for present and future retired union-represented employees of Honeywell and its predecessors and the retired employees' dependents and surviving spouses:

The Company's contribution for health care coverage after 2007 for present and future retirees, their dependents, and surviving spouse covered under the UAW Honeywell Master Agreement **shall not be less than** (A) the actual amount of the Company's retiree health care contribution in 2007 or (B) the Company actuary's 2003 estimate of the Company's retiree health care contribution in 2007, whichever is greater.  As stated above, this limit will be a mandatory subject of bargaining for 2007 UAW Honeywell Master Negotiations and for all future UAW Honeywell Master Negotiations.  Notwithstanding such negotiations, the Company's contributions **shall not be less than** the greater of:  (A) the actual amount of the Company's retiree health care contribution in 2007 or (B) the Company actuary's 2003 estimate of the Company's retiree health care contribution in 2007.  (Bold added).

25.     The 2003, 2007, and 2011 master CBAs between UAW and Honeywell commit that any later bargaining over retirement healthcare "shall not impair any existing legal rights that current retirees may have with respect to their post employment health care benefits."

26.     This "shall not be less" language was repeated in the 2007 and 2011 master CBAs between UAW and Honeywell and provides the minimum amount Honeywell must pay for retirement healthcare for union-represented employees who retired during or before the terms of those CBAs.

27.     Like all the prior master CBAs between UAW and Honeywell and its predecessors, the 2003, 2007, and 2011 master CBAs were negotiated in Romulus, Michigan, within the Eastern District of Michigan.

28.     Despite its promise of lifetime retirement healthcare, Honeywell has stated in a lawsuit seeking a declaratory judgment that effective January 1, 2012, it will impose premium costs on the individual plaintiffs and proposed class members, and will limit its own healthcare premium payments to the 2007 level, which is much lower than the premium costs in January 2012 and in later years.

29.     Honeywell has not indicated what premium cost obligations it will impose on the individual plaintiffs and proposed class members, how those costs are to be calculated, how the costs will be imposed, when and how those costs will be collected from the individual plaintiffs and class members, or other details of Honeywell's anticipated imposition of premium cost on the individual plaintiffs and proposed class members.

## Class Action

30.     Individual plaintiffs Thomas Bode, Bruce Eaton, William Burns, Peter Antonellis, and Larry Preston bring this action for themselves and on behalf of other similarly-situated retirees, and the retirees' dependents and surviving spouses under Federal Rules of Civil Procedure 23(a) and (b)(1) and (b)(2).

31.     The proposed class consists of all persons who retired from Honeywell (and its predecessors), including the retirees' dependents and surviving spouses, who are eligible to receive retirement healthcare under the master CBAs, excluding any retirees, dependents, and surviving spouses who are subject to the resolution of *Ferguson v. Bendix Commercial Vehicles*, case no. 04-cv-590 (N. D. Ohio).

32.     The proposed class consists of two subclasses: (A) former UAW-represented employees who retired under a CBA between UAW and Honeywell or its predecessors before the effective date of the 2003 master CBA between UAW and Honeywell, and the dependents and surviving spouses of those retired employees, and (B) former UAW-represented employees who retired after the effective date of the 2003 master CBA between UAW and Honeywell, and the dependents and surviving spouses of those retired employees.

33.     Honeywell plans to impose premium costs on former UAW-represented employees who are retired and who worked at UAW-represented facilities, including, on information and belief, facilities owned and operated by Honeywell and/or its predecessors, in: St. Joseph, Michigan; Sun Valley, California; Sylmar, California; North Hollywood, California; South Bend, Indiana; Teterboro, New Jersey; and Green Island, New York and other facilities, regardless of whether the retirees retired before or after the 2003 master CBA between Honeywell and UAW.

34.     The proposed class consists of more than 4,000 members, and is so numerous that joinder of all members is impracticable.

35.     There are questions of law and fact common to the class, including legal and factual questions regarding Honeywell's limitation of its payments toward retirement healthcare and the propriety under LMRA and ERISA of the reduction in Honeywell's payment of the cost of retirement healthcare.

36.     The individual plaintiffs' claims are typical of the claims of the proposed class as these claims arise under master CBAs covering former UAW-represented employees who worked at and retired from facilities owned and operated by Honeywell and its predecessors, and under welfare benefit plans covering the retirees, their dependents and surviving spouses, and relate to conduct on the part of Honeywell that will adversely affect class members' retirement healthcare in the future.

37.     The individual plaintiffs will fairly and adequately represent the interests of the proposed class because they have the same or similar claims and interests arising out of the same or similar operative facts and the same law and contract obligations and benefit plans, and because they have secured the representation of attorneys who are knowledgeable and

8

experienced in labor law, ERISA, and litigation of this kind, and because they have joined with and secured the support of UAW in their efforts to enforce their rights and the rights of members to retirement healthcare.

38.     The actions addressed in this lawsuit apply generally to the proposed class, so that final injunctive relief and corresponding declaratory relief and other relief sought is appropriate respecting the proposed class as a whole and so that a class action is appropriate to avoid the risks of inconsistent or varying adjudications of individual claims and individual adjudications that as a practical matter would be dispositive of the interests of those within the proposed class.

## COUNT I – ANTICIPATORY BREACH OF CBA

39.     Paragraphs 1-38 are incorporated in this count.

40.     Honeywell is obligated under the master CBAs to provide individual plaintiffs, their dependents and surviving spouses, and others similarly-situated, with lifetime retirement healthcare, fully-paid by the employer.

41.     Honeywell has announced in a lawsuit seeking a declaratory judgment that it will reduce retirement healthcare payments for retirees, their dependents, and surviving spouses effective January 1, 2012, requiring class members to pay significant amounts of money to maintain retirement healthcare.

42.     Honeywell has asserted the unilateral right to limit its healthcare payments for proposed class members.

43.     Honeywell's announcement of its intention to impose premium obligations on individual plaintiffs and proposed class members effective January 1, 2012 constitutes an anticipatory breach of the master CBAs.

44. Honeywell's anticipatory breach of the master CBAs will cause plaintiffs and proposed class members injury and damage.

## COUNT II – VIOLATION OF ERISA

45. Paragraphs 1-44 are incorporated in this count.

46. The collectively-bargained lifetime retirement healthcare promised and provided to retirees of Honeywell and its predecessors and to the retirees' dependents and surviving spouses, including the individual plaintiffs and others similarly-situated, and to their dependents and surviving spouses, constitutes one or more "employee welfare benefit" plan or plans within the meaning of ERISA, 29 U.S.C. §1002(1).

47. Honeywell is the plan "sponsor" and "administrator" of the "employee welfare benefit" plan or plans within the meaning of ERISA, 29 U.S.C. §§1002(16)(A) and (B).

48. The individual plaintiffs and persons similarly-situated, and their dependents and surviving spouses, are "participants" in, or "beneficiaries" of, these "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §§1002(7) and (8).

49. The collectively-bargained "employee welfare benefit" plan or plans sponsored and administered by Honeywell promise and provide lifetime healthcare for retirees, including the individual plaintiffs, their dependents and surviving spouses, and others similarly-situated.

50. Honeywell's announcement of its intention to impose premium obligations for retirement healthcare is wrongful and actionable under 29 U.S.C. §§1132(a)(1)(B) and (a)(3) which entitle a participant or beneficiary to bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" and "to enjoin any act or practice which violates…the terms of the plan or…to obtain other appropriate equitable relief…to redress such violations or…to enforce…the terms of the plan."

51.     The anticipated imposition of premium obligations constitutes a wrongful act and breaches obligations under ERISA and the governing plan or plans and will cause injury and damage to the individual plaintiffs and proposed class members.

### Relief Requested

Plaintiffs ask that the Court:

1.     Certify this action as a class action, appoint individual plaintiffs Thomas Bode, Bruce Eaton, William Burns, Peter Antonellis, and Larry Preston as class representatives, and appoint individual plaintiffs' counsel as class counsel;

2.     Declare and determine that Honeywell's imposition of premium obligation on individual plaintiffs and proposed class members anticipatorily breaches the master CBAs and the related welfare benefit plan or plans;

3.     Issue preliminary and permanent injunctions directing Honeywell to satisfy its contractual and statutory duties and responsibilities under the master CBAs and the related welfare benefit plan or plans and to maintain promised retirement healthcare for class members;

4.     Direct Honeywell to refrain from and cease implementation or reduction in promised retirement healthcare, or if implemented, to restore the contribution amounts and remedy those violations by paying damages and otherwise reimbursing and making individual plaintiffs and class members whole;

5.     Award damages to individual plaintiffs and class members and direct Honeywell to reimburse and otherwise make class members whole for any and all losses incurred as a result of Honeywell's wrongful conduct;

6.     Direct Honeywell to pay interest on damages and "make whole" reimbursements, to pay costs, expenses, and attorney fees, and to pay such other compensatory, punitive, and exemplary damages as may be warranted; and

7.     Award such other relief as may be warranted by law and equity.


                              s/William Wertheimer
                              Law Office of William Wertheimer (P26275)
                              30515 Timberbrook Lane
                              Bingham Farms, MI 48025
                              248-644-9200
                              billwertheimer@gmail.com

                              Attorney for Class Representatives and UAW

s/John G. Adam
Stuart M. Israel (P15359)
John G. Adam (P37205)
Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
israel@legghioisrael.com
jga@legghioisrael.com

Attorneys for Class Representatives and UAW


Michael F. Saggau (P35326)
  Associate General Counsel
International Union, UAW
8000 E. Jefferson Avenue
Detroit, MI  48214
(313) 926-5216
msaggau@uaw.net

Attorney for UAW

## JURY DEMAND

Plaintiffs request a jury trial of all issues triable by jury.

s/William Wertheimer
Law Office of William Wertheimer (P26275)
30515 Timberbrook Lane
Bingham Farms, MI 48025
248-644-9200
billwertheimer@gmail.com

s/John G. Adam
Stuart M. Israel (P15359)
John G. Adam (P37205)
Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
israel@legghioisrael.com
jga@legghioisrael.com

Attorneys for Class Representatives and UAW

Michael F. Saggau (P35326)
 Associate General Counsel
International Union, UAW
8000 E. Jefferson Avenue
Detroit, MI  48214
(313) 926-5216
msaggau@uaw.net

Attorney for UAW