UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURE IMPLEMENT WORKERS
OF AMERICA (UAW); and THOMAS BODE,
BRUCE EATON, WILLIAM BURNS, PETER
ANTONELLIS, and LARRY PRESTON, for
themselves and others similar-situated,

        Plaintiffs,

v.                                              Case No. 11-14036
                                                Honorable Denise Page Hood

HONEYWELL INTERNATIONAL INC,

        Defendant.

_____/

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR MORE DEFINITE STATEMENT AND DIRECTING DEFENDANT TO FILE AN AMENDED COUNTERCLAIM**

**I.   INTRODUCTION**

This action involves the enforcement of retirement healthcare benefits negotiated during collective bargaining. Now before the Court is Plaintiffs' Motion for a More Definite Statement **[Docket No. 19, filed February 4, 2012]**. Defendant responded on February 17, 2012 **[Docket No. 22]**. Plaintiffs replied on February 24, 2012 **[Docket No. 23]**. The Court heard oral arguments on March 5, 2012. After consideration of the arguments and briefs, the Court GRANTS IN PART Plaintiffs' motion for more definite statement.

1

II.     STATEMENT OF FACTS[1]

Plaintiffs filed the present action September 15, 2011 making the following allegations: (Count I) Anticipatory Breach of Collective Bargaining Agreements ("CBAs"); and (Count II) Violation of ERISA. Defendant has counterclaimed for the following: (Count I) common law fraudulent mispresentation; (Count II) common law negligent misrepresentation; and (Count III) common law breach of an implied warranty of authority.

The individually named Plaintiffs are retired hourly employees that worked for a Defendant Honeywell predecessor. Plaintiff, International Union, United Automobile, Aerospace and Agriculture Implement Workers of America ("UAW") represented over 4,700 Defendant retired manufacturing employees in collective bargaining. Defendant is incorporated in Delaware with its principal place of business in New Jersey.

Defendant and UAW have been parties to a series of collective bargaining agreements for over 50 years. The agreements are renegotiated every three or four years in Michigan. During the 2003, 2007, and 2011 negotiations the parties have disagreed on Defendant's obligation to provide healthcare benefits to retirees. In 2007, they agreed that new language regarding retiree contributions would take effect on January 1, 2012 but not whether it would apply to those who retired prior to 2003.

On July 15, 2011, Defendant filed an action against four retired manufacturing employees, a putative class of similarly situated retirees, eligible dependents and surviving spouses, and the UAW in the United States District Court for the District of New Jersey seeking a declaration that it may cap its contributions to all retirees. On September 15, 2011, UAW filed the present action in the Eastern District of Michigan alleging that Defendant's actions constituted anticipatory breach of the CBAs. The parties stipulated to adjourning all pending

---

[1] The statement of facts are adopted and summarized briefly from the New Jersey letter opinion.

motions and hearings and to submit a status report on December 15, 2011 pending the New Jersey action **[Docket No. 13]**. Defendant notified retirees on September 19, 2011 of its intention to limit healthcare contributions starting January 1, 2012.

District Court Judge William J. Martini, in a letter opinion, dismissed the New Jersey action finding that Michigan was the proper forum for the parties dispute because: (1) the UAW and retirees are the natural plaintiffs in this action; (2) Michigan has a greater nexus to the parties and dispute because the CBAs were negotiated in Michigan, the UAW is headquartered in Michigan, and the chief negotiator is located in Michigan; and (3) allowing UAW and the retirees to define the class and elect the forum comports with the policies underlying ERISA and the Labor Management Relations Act. The court also found that its departure from the first-filed rule was appropriate because it appeared that Defendant had engaged in forum shopping. It was attempting to avoid less favorable Sixth Circuit case law and filed the action without first notifying the retirees of the benefit caps.

### III.   LAW & ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement before filing a responsive pleading when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Federal courts generally

disfavor such motions and in light of "the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions." *E.E.O.C. v. FPM Group, Ltd.*, 657 F.Supp.2d 957, 966 (E.D. Tenn. 2009). A court should not grant a motion for more definite statement unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Id.* (quoting *Kok v. First Unum Life Ins. Co.*, 154 F.Supp.2d 777, 781-82 (S.D.N.Y. 2001)).

Plaintiffs argue that Defendant's counterclaim does not identify the source of common law that it will rely on, be it federal or state law. Plaintiffs claim they wish to file a Rule 12 motion but are frustrated by the vagueness of Defendant's counterclaim. Defendant argues that it is not required to identify the law that it will rely on because choice-of-law questions will likely be litigated at a later stage. Defendant indicated in an email to Plaintiffs' counsel and in its response that either Michigan or New Jersey law would apply. In response, Plaintiffs contend that Rule 9(b) requires greater pleading specificity. Plaintiffs argue, in the alternative, that Defendant should be required to amend its counterclaim to include allegations under both Michigan and New Jersey law.

As to fraud, Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b), a plaintiff's complaint must identify the allegedly fraudulent statements, the speaker, when and where the statements were made, and why the statements were fraudulent. *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D.Ohio 1998)). The Court must first "determine the kind of fraud charged and then to determine if, from the complaint, the defendant has adequate information to frame a responsive answer." *Brewer v. Monsanto Corp.*, 644 F. Supp. 1267, 1272-1273 (M.D. Tenn. 1986). "The

plaintiff is not required to plead facts proving each element; the plaintiff is required to plead the particular circumstances which, in the plaintiff's cause of action, will give the defendant adequate notice." *Id.* (applying Tennessee law to determine that the complaint was sufficient to place the defendants on notice of fraudulent misrepresentation under Tennessee law); *see also Minger v.Green*, 239 F.3d 793, 800 (6th Cir. 2001) (applying Kentucky law in determining that plaintiff had stated a claim for intentional misrepresentation). "At a minimum, [a plaintiff] must allege the time, place and contents of the misrepresentations upon which [he or she] relied." *Id.*

In its counterclaim, Defendant has alleged fraud with the requisite particularity. It has indicated the time, place, and content of allegations that it deems are the basis for fraud and negligent misrepresentation. This is all that Rule 9(b) and the Sixth Circuit require. Plaintiffs have not identified any support nor has the Court found any that requires Defendant to lock itself into what state law will govern its allegations when choice-of-law questions may be addressed at a later stage in litigation. Defendant has sufficiently put Plaintiffs on notice of what facts establish the basis of its allegations of fraud and negligent misrepresentation. However, Defendant has indicated in its response and in an email addressed to Plaintiffs' counsel that it intends to rely on either Michigan or New Jersey law. The Court directs Defendant to amend its Complaint to indicate its intention to rely on either New Jersey or Michigan law so that Plaintiff may adequately respond.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for a More Definite Statement **[Docket No. 19, filed February 4, 2012]** is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendant is required to amend its counterclaim to

indicate its reliance on either Michigan or New Jersey law, such amendment must be filed by

March 13, 2012.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  March 9, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 9, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager