UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW); and
THOMAS BODE, BRUCE EATON,
WILLIAM BURNS, PETER ANTONELLIS, and
LARRY PRESTON, for themselves and
others similarly-situated,

        Plaintiffs,

v.                                                      Case No. 11-CV-14036
                                                             Class Action
                                                             Honorable Denise Page Hood

HONEYWELL INTERNATIONAL INC.,

        Defendant.

_____/

## ORDER CERTIFYING CLASS ACTION

        Pursuant to the parties' consent and to the plaintiffs' motion for class certification (Docket No. 10), defendant Honeywell International Inc. not opposing class certification (Docket No. 21), and the Court having considered the papers, evidence, and arguments submitted by the parties and being otherwise advised, it is hereby ordered:

        1.        The Court finds that the prerequisites for class certification under Fed. R. Civ. P. 23(a) and (b)(1) and (2) and (g) are satisfied.

        2.        The Court finds that the class consists of approximately 4,000 persons who retired from Honeywell (and its predecessors), including retirees' dependents and surviving spouses, who are eligible to receive retirement healthcare under the master collective bargaining agreements between UAW and Honeywell, excluding any retirees, dependents, and surviving

spouses who are subject to the resolution of *Ferguson v. Bendix Commercial Vehicles*, Case No. 04-cv-590 (N.D. Ohio).

3.  The Court finds that the class is so numerous that joinder of all its members is impracticable, that there are questions of law and fact common to the class, that the claims for lifetime retiree health benefits and that Honeywell cannot impose premium expenses on the class, made by the individual plaintiffs under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) and Section 502(a) of the Employee Retirement Income Security Act (29 U.S.C. § 1132(a)) are typical of the claims made by the class and that defendant's defenses to those claims are typically applicable to the class, and that the individual plaintiffs—retirees Thomas Bode, Bruce Eaton, William Burns, Peter Antonellis, and Larry Preston—and their counsel—William Wertheimer, Stuart M. Israel, and John G. Adam—will fairly and adequately represent the class, satisfying the prerequisites to class certification in Rule 23(a)(1)-(4) and (g).

4.  The Court finds that the conduct and planned conduct of defendant was undertaken on grounds generally applicable to the class, making appropriate any final injunctive or declaratory relief applicable to the class as a whole, and that class certification is appropriate to avoid inconsistent or varying adjudications, satisfying the standards for certification under Rules 23(b)(2) and (1).

5.  The class is hereby certified, consistent with the preceding paragraphs, pursuant to Rules 23(a)(1)-(4), (b)(1) and (2), and (g).

6.  As requested by the parties, certification is without prejudice to any party's right to request that the Court divide the class into subclasses, if it is determined by the Court that circumstances warrant such division.

7.  As requested by the parties, the Court will direct appropriate notice to the class

pursuant to Rule 23(c)(2)(A).

**IT IS ORDERED** that Plaintiffs' Motion to Certify Class [Docket No. 10, filed October 11, 2011] is **GRANTED**.

**IT IS SO ORDERED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  June 19, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 19, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager
