**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW); and
THOMAS BODE, BRUCE EATON,
WILLIAM BURNS, PETER ANTONELLIS, and
LARRY PRESTON, for themselves and
others similarly-situated,

        Plaintiffs,

v.

        Case No. 11-cv-14036
        Honorable Denise Page Hood

HONEYWELL INTERNATIONAL INC.,

        Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART UAW'S MOTION TO DISMISS HONEYWELL'S COUNTERCLAIM

This matter is now before the Court on Plaintiff International Union, United Automobile, Aerospace and Agricultural Implement Workers of America's (UAW) Motion to Dismiss Defendant Honeywell International, Inc.'s Counterclaim. For the reasons stated below, UAW's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

**I.**

Plaintiffs filed the present action on September 15, 2011, alleging an anticipatory breach of the collective bargaining agreements (CBAs) and an ERISA violation. The individually named Plaintiffs are retired hourly employees that worked for Honeywell and its predecessors. For over 50 years, UAW has represented over 4,700 retired Honeywell (and its predecessors) manufacturing employees in collective bargaining negotiations. UAW and Honeywell have been parties to a series

of collective bargaining agreements that were renegotiated every three or four years in Romulus, Michigan.

In 2003, the parties agreed to inclusion of a new provision to the CBA. The 2003, 2007, and 2011 CBAs contain the following language:

> The Company's contribution for health care coverage after 2007 for present and future retirees, their dependents, and surviving spouses covered under the UAW Honeywell Master Agreement shall not be less than (A) the actual amount of the Company's retiree health care contribution in 2007 or (b) the Company's actuary' 2003 estimate of the Company's retiree health care contribution in 2007, whichever is greater.

[Docket No. 32, Pg ID 1597] The Honeywell negotiators believed that this language would represent a cap that would apply to both active employees and retirees. The 2003 CBA provides that any "Agreement concerning Retiree Health Care Costs and the Company's obligation to bargain regarding retiree health care costs benefits shall not impair any existing legal rights that current retirees may have with respect to their post employment health care benefits." [Docket No. 32, Pg ID 1598] During the 2003 negotiations, the UAW represented that it had authority to bind retirees. The parties agreed that the caps would apply to present and future retirees and would take effect on January 1, 2008. Upon UAW's insistence, the parties agreed to make the subject of retiree healthcare benefits a mandatory subject of bargaining for future CBAs.

In 2004, Honeywell was sued in the United States District Court for the Northern District of Ohio by a class of retirees, dependents, and surviving spouses from a Honeywell facility in Elyria, Ohio. As part of the settlement proposal, Honeywell acknowledged UAW's right to bargain for the class in the same manner that it bargained for existing retirees and surviving spouses under the CBAs. Upon reaching a settlement agreement, UAW represented to the Northern District of Ohio that it could negotiate for the Elyria retirees in the same manner that it negotiated for other

2

Honeywell retirees.

In 2005, a Honeywell facility in Cleveland, Ohio was scheduled to close and the employees and retirees were not covered under the UAW Master Agreement. The parties agreed to subject the Cleveland retirees to the healthcare benefit caps. The plant closing agreement also indicated Honeywell's acknowledgment of UAW's right to negotiate on behalf of the Cleveland retirees as it had for all other Honeywell retirees.

During 2007 negotiations, UAW and Honeywell disagreed as to the scope of the caps. The parties did agree that the healthcare caps would not become effective until January 1, 2012. Subsequent to the negotiations, UAW distributed a letter to its membership stating that it had won a contract that advanced the interests of both active and retired UAW members.

During 2011 negotiations, the parties again disagreed on the scope of the caps. UAW believed that the caps could only be applied to those who retired after May 3, 2003. The parties did not change the cap language.

On July 15, 2011, Honeywell filed an action against four retired manufacturing employees, a putative class of similarly situated retirees, eligible dependents and surviving spouses, and the UAW in the United States District Court for the District of New Jersey seeking a declaration that it had the right to limit healthcare contributions to retirees. On September 15, 2011, UAW filed the present action in the Eastern District of Michigan alleging that Defendant's actions constituted anticipatory breach of the CBAs. On September 16, 2011, UAW filed a motion to dismiss in the New Jersey action. Honeywell notified retirees on September 19, 2011 of its intention to limit healthcare contributions starting January 1, 2012. At the November 30, 2011 hearing before the New Jersey District Court, UAW argued that it "doesn't bargain for retirees" and is not the "designated

representative" for retirees. [Docket No. 27, Pg ID 1496, 1498]

On December 16, 2011, District Court Judge William J. Martini granted UAW's motion to dismiss and dismissed Honeywell's New Jersey complaint without prejudice finding that Michigan was the proper forum for the parties dispute. *Honeywell In'l, Inc. v. Int'l Union, United Automobile, Aerospace and Agricultural Implement Workers of America, et al.*, Case No. 11-04250, 2011 U.S. Dist. LEXIS 144767, 2011 WL 6293032 (D.N.J. Dec. 16, 2011). In support of his conclusion, Judge Martini explained that (1) the UAW and retirees are natural plaintiffs in this action; (2) Michigan has a greater nexus to the parties and dispute because the CBAs were negotiated in Michigan, the UAW is headquartered in Michigan, and the chief negotiator is located in Michigan; and (3) allowing UAW and the retirees to define the class and elect the forum comports with the policies underlying ERISA and the Labor Management Relations Act (LMRA). The New Jersey court also found that a departure from the first-filed rule was appropriate because Honeywell was attempting to avoid less favorable Sixth Circuit case law and had apparently engaged in forum shopping. On appeal, the Third Circuit affirmed the district court decision to dismiss Honeywell's complaint. *Honeywell Int'l, Inc. v. Int'l Union*, 2012 U.S. App. LEXIS 22239 (3d Cir. Oct. 26, 2012).

On January 30, 2012, Honeywell filed its Answer and Counterclaims against UAW alleging fraudulent misrepresentation under Michigan and New Jersey law, negligent misrepresentation under Michigan and New Jersey, breach of the implied warranty of authority under Michigan and New Jersey law. On March 13, 2012, Honeywell amended its Answer and Counterclaim to include a claim for fraudulent concealment. This motion followed.

## II.

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(1) attacks the

Complaint for lack of subject matter jurisdiction. The nonmovant has the burden of proving that jurisdiction is proper. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). A facial attack to the claim requires the Court to construe all factual allegations as true. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)**.**

A complaint will not survive a Rule 12(b)(6) motion to dismiss if it provides nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must state a claim that is "plausible" and a right to relief that is more than "speculative." Id. at 555–56. In short, a complaint is facially plausible if it pleads a sufficient factual basis to allow a court to reasonably infer that the defendant is liable for the alleged misconduct. Id. at 556. When considering the sufficiency of a complaint, the Court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). Although the Court primarily considers the allegations of the complaint, it may also consider matters of public record, orders, items in the record of the case, and exhibits attached to the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

**A.**

In its counterclaim, Honeywell argues that UAW misrepresented its authority to bargain for and bind retirees to the healthcare benefit caps. UAW contends that this claim is preempted by the National Labor Relations Act (NLRA) and is within the exclusive jurisdiction of the National Labor Relations Board (NLRB). The Court disagrees.

In *San Diego Building Trades Council v. Garmon*, the Supreme Court held that "[w]hen an activity is arguably subject to § 7 or § 8 of the [National Labor Relations] Act (NLRA), the States

as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." 359 U.S. 236, 245 (1959).  As a result, federal courts are divested of jurisdiction over matters that are "arguably subject" to the "protect[ion of] certain labor practices (such as organizing or joining a labor union, bargaining collectively, and engaging in concerted activity, or refraining from engaging in any of these activities) and prohibit[ion of] certain others (such as interfering with a protected activity or coercing employees to join a union)." *Trollinger v. Tyson Foods, Inc*., 370 F.3d 602, 608 (6th Cir. 2004).

UAW argues that Honeywell's misrepresentation claims are related to § 8(d), which requires an "employer and the representative of the employees to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment . . . ." 29 U.S.C. § 158(d).  The Sixth Circuit held in *Serrano v. Jones & Laughlin Steel Co.*, that fraud claims that deal with misrepresentations made during the negotiation process "implicate[] a section 8(d) duty" and are, therefore, preempted under *Garmon*.  790 F.2d 1279, 1286–87 (6th Cir. 1986). The gravamen of Honeywell's counterclaims is that UAW misrepresented and falsely led Honeywell to believe that UAW had authority to negotiate on behalf of and bind the retirees to the healthcare benefit caps in the 2003, 2007, and 2011 CBAs.  Honeyewell's counterclaims run headfirst into the duty of good faith imposed by § 8(d).

However, the obligations imposed under the NLRA only apply to employers and their employees.  "The inequality of bargaining power that Congress sought to remedy was that of the 'working' man, and the labor disputes that it ordered to be subjected to collective bargaining were those of employers and their active employees.  Nowhere in the history of the National Labor

Relations Act is there any evidence that retired workers are to be considered as within the ambit of the collective-bargaining obligations of the statute." *Allied Chem. & Alkali Chem. & Alkali Workers, Local Union No. 1 v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 166 (1971). The question becomes whether a misrepresentation claim on the basis of the UAW's authority to bind retirees is "arguably subject" to § 8(d). Necessarily, the answer must be no, it is not. The NLRA governs labor practices between employers and employees. Although *Plate Glass* is not a preemption case, its impact is clear: under the NLRA, an employee is "someone who works for another for hire", *Id.* at 167, and "[t]he ordinary meaning of 'employee' does not include retired workers; retired employees have ceased to work for another for hire." *Id.* at 168. UAW cannot claim that the duty of good faith imposed by § 8(d) applies to Honeywell's counterclaims regarding retiree benefits because retirees are not employees and, therefore, the NLRA's obligations do not extend to retirees. The Court finds that the NLRA does not preempt Honeywell's counterclaims.

## B.

UAW argues that Honeywell's counterclaims are preempted by the LMRA because the counterclaims require the Court to interpret provisions of the CBAs. The Court finds otherwise.

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The Supreme Court has held that § 301 expresses a "congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985). Any state law

7

claim that is "substantially dependent upon" interpretation of a labor contract is preempted by § 301. *Id.* at 220. "Since federal law is the exclusive law used to interpret the duties and obligations contained within collective bargaining agreements, any state law claim that is not independent of rights established by an agreement, and that is 'inextricably intertwined' with a determination of the meaning of the terms of an agreement, is preempted by section 301." *Northwestern Ohio Administrators, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1030 (6th Cir. 2001) (citing *Allis-Chalmbers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)). If the claim can be maintained without interpretation of the CBA, it is not preempted by § 301; this result remains true even when the state law claim relies on the same facts that would resolve the CBA interpretation dispute. *DeCoe v. GMC*, 32 F.3d 212, 216 (6th Cir. 1994) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409–10 (1988)).

The Sixth Circuit has adopted a two-step approach to determine whether a state law claim is preempted by § 301: (1) whether proof of the state law claim requires the Court to interpret the terms of the CBA; and (2) whether the right at issue arises from state law or the CBA. *DeCoe*, 32 F.3d at 216. If the Court can answer either or both of these questions in the affirmative, the claim is preempted. *Id.* "In order to make the first determination, the court is not bound by the 'well-pleaded complaint' rule, but rather, looks to the essence of the plaintiff's claim, in order to determine whether the plaintiff is attempting to disguise what is essentially a contract claim as a tort." *Id.*

Honeywell advances four counterclaims. First, Honeywell alleges that UAW fraudulently represented that it had authority to bind the retirees to the healthcare benefit caps. Second, Honeywell claims that UAW negligently misrepresented that it had such authority. Third, Honeywell asserts that UAW gave Honeywell an implied warranty that UAW had authority to

negotiate and agree to the healthcare caps on behalf of the retirees. Finally, Honeywell alleges that UAW "fraudulently concealed the facts necessary for Honeywell to know that it had causes of action for fraudulent misrepresentation, negligent misrepresentation, and breach of implied warranty of authority." [Docket No. 26, Pg ID 925]

Honeywell contends that their counterclaims do not require the Court to interpret the terms of the CBA. It argues that the recent Sixth Circuit decision in *CNH Am. LLC v. Int'l Union, United Auto., Aero. & Agric. Implement Workers of Am.*, is directly on point and controls the outcome of this dispute. 645 F.3d 785 (6th Cir. 2011). Unsurprisingly, UAW asserts that *CNH* was wrongly decided and, in any event, is distinguishable from this case.

In *CNH*, CNH made several tort allegations against UAW connected with contract negotiations: breach of implied warranty of authority, negligent misrepresentation, and intentional misrepresentation. One of the questions before the Sixth Circuit was whether § 301 preempted CNH's state tort law claims. The Sixth Circuit held that it did not. 645 F.3d at 790–93. Specifically, the Court of Appeals concluded that resolution of CNH's state law tort claims did not require interpretation of the CBA. *Id.* at 791–92. Rather, "CNH's 'rights and duties . . . ar[o]se from the Union's actions *prior* to the formation' of any CBAs." *Id.* at 792 (citing *NW. Ohio Adm'rs*, 270 F.3d at 1031) (emphasis in original).

The Court believes that the same result is required here. The Court need not interpret the CBA in order to determine whether UAW made misrepresentations regarding its authority and whether Honeywell justifiably relied on these misrepresentations. *See CNH*, 645 F.3d at 792, *Alongi*, 386 F.3d at 726 (finding that fraud "allegations d[id] not require a court . . . to apply the provisions of the 1999 collective bargaining agreement . . . , but only to determine whether Environ

9

representatives made the statements alleged, and whether plaintiffs reasonably relied on them."), *Northwestern Ohio Adm'rs*, 270 F.3d at 1031 (finding that fraudulent inducement claim did "not require interpretation of a collective bargaining agreement . . . . The relevant inquiry here concerns the representations made by the Union . . . , not any term of the Agreements themselves."). Necessarily the Court will inquire into the statements that were made before the CBAs were executed and determine whether Honeywell's reliance was justifiable; there is no need for the Court to scrutinize any terms of the CBA. Honeywell's counterclaims are not "substantially dependent upon" the terms of the CBA.

UAW contends that resolution of this matter is dependent on the CBA. It asserts that Honeywell has simply "recast" the claims alleged in the New Jersey District Court complaint. After reviewing the New Jersey and Michigan complaints, the Court does not reach the same conclusion. In the New Jersey action, Honeywell alleges that it and UAW disagreed on whether Honeywell could legally implement the healthcare caps to retirees. [Docket No. 32, Ex. 1] Here, Honeywell argues that UAW made certain misrepresentations regarding UAW's authority to agree to the healthcare caps on behalf of the retirees. The New Jersey claims rest solely on rights created by the CBAs when they were executed. In contrast, the matter now before the Court touches on rights and obligations that arose prior to execution of the CBAs.

UAW further argues that Honeywell's counterclaims require the Court to interpret the following CBA language: "shall-not-be-less-than" regarding retirement healthcare, "mandatory subject of bargaining" clauses regarding retirement healthcare, and "shall not impair any existing legal rights" provisions. The Court does not agree that Honeywell's counterclaims are "all about the CBA language." [Docket No. 40, Pg ID 1716] This language has no bearing on whether

10

misrepresentations were made during CBA negotiations or whether Honeywell assumed additional obligations in reliance on the misrepresentations. This language may, however, be relevant to UAW's *defense* that Honeywell's reliance was not justifiable. UAW's choice to assert a defense based on the CBA will not transform Honeywell's counterclaims into preempted claims. *See Alongi*, 386 F.3d at 727–28; *DeCoe*, 32 F.3d at 216 ("neither a tangential relationship to the CBA, nor the defendant's assertion of the contract as an affirmative defense will turn and otherwise independent claim into a claim dependent on the labor contract."). Honeywell is the "master" of its counterclaims and may choose to plead state law claims. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). To allow UAW to frustrate Honeywell's state law misrepresentation claims simply by asserting a defense based on the CBA would make UAW and not Honeywell the master of the counterclaims. *See Id.* (" But a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law . . . . If a defendant could do so, the plaintiff would be master of nothing."). The Court finds this result inappropriate. Section 301 does not preempt Honeywell's counterclaims.

## C.

UAW next asserts that Honeywell's state law claims are time-barred and that the fraudulent concealment claim does not cure the defect. Honeywell counters that its causes of action did not accrue until 2011. The statute of limitations for a fraud claim is six years under both Michigan and New Jersey law. MICH. COMP. LAWS § 600.5813; N.J. STAT. ANN. § 2A:14-1. In Michigan, an action for fraud accrues when "the wrong upon which the claim is based was done regardless of the time when damage results." MICH. COMP. LAWS § 600.5827. The date of the wrong refers to the date on which the plaintiff was harmed and not the date on which the defendant acted wrongfully.

11

*Boyle v. Gen. Motors Corp.*, 468 Mich. 226, 231 n.5, 661 N.W.2d 557 (2003) (citing *Stephens v. Dixon,* 449 Mich. 531, 534–35, 536 N.W.2d 755 (1995)). "Otherwise, a plaintiff's cause of action could be barred before the injury took place." *Stephens*, 449 Mich. at 535. A plaintiff is harmed when he does not receive what he bargained for. *Mayhall v. A. H. Pond Co., Inc.,* 129 Mich. App. 178, 185, 341 N.W.2d 268 (1983).

Honeywell alleges that UAW misrepresented its authority to negotiate on behalf of the retirees when negotiating the 2003, 2007, and 2011 CBAs. Each CBA negotiation constitutes a separate act of fraud. Despite Honeywell's contention that they were harmed in 2011 when they first learned that UAW did not have authority to negotiate on behalf of the retirees, the actual injury took place when the CBAs were executed with the allegedly mistaken belief that UAW had agreed to the retiree healthcare benefit caps. At its essence, Honeywell is urging the Court to find that the claim accrued when they discovered the fraud and not when the injury actually occurred. The discovery rule does not apply to fraud actions under Michigan law. *Boyle*, 468 Mich. At 231–32.[1] The wrongful activity occurred when the alleged misrepresentations were made; the injury, however, took place when Honeywell executed the CBAs or changed its position without the benefit of the bargained for retiree healthcare caps. As such, under Michigan law, Honeywell had six years after

---

[1] Unlike Michigan, New Jersey maintains a discovery rule for fraud claims. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999). The statute of limitations on a claim for fraud (six years) begins to run "when a plaintiff knows or should know of its existence." *Id.* Honeywell's claims under New Jersey law are not time barred because Honeywell first learned of UAW's misrepresentations in 2011. And, as stated in section II.C, given the allegations of the parties' long bargaining history (including previous changes to retiree benefits) and UAW holding itself out to be the designated representative for retirees, the Court cannot conclude at this stage in the proceedings that Honeywell should have known of the basis of the fraud claims. Whether the circumstances should have placed Honeywell on notice that UAW was not the designative representative for retirees appears to be a question of fact that should not be decided at this stage of the proceedings.

12

the 2003 CBA negotiations to file a fraud claim. This claim is now time-barred. However, Honeywell's claims as to the 2007 and 2011 CBAs remain actionable under Michigan law.

As to the negligent misrepresentation and implied warranty of authority claims, the 2003 and 2007 claims are time-barred. The negligent misrepresentation and implied warranty of authority claims have a statute of limitations of three years under Michigan law, MICH. COMP. LAWS § 600.5805(10), and 2 years under New Jersey law. N.J. STAT. ANN. § 2A:14-2. It does appear that the 2011 claims are actionable under Michigan and New Jersey law.

However, if "the gist of the action is fraud concealed from the plaintiff, the statute begins to run on discovery of the wrong or of facts that reasonably should lead the plaintiff to inquire into the fraud." *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999); *see also* MICH. COMP. LAW § 600.5855 (if a defendant "fraudulently conceals the existence of the claim . . . , the action may be commenced any time within 2 years after the person entitled to bring the action discovers, or should have discovered, the existence of the claim . . . ."). The acts that form the basis of the fraudulent concealment claim must be affirmative in nature. *Doe v. Roman Catholic Archbishop*, 264 Mich. App. 632, 642-43, 692 N.W.2d 398 (2004); *Prudential Ins. Co. of Am. v. United States Gypsum Co.*, 828 F.Supp. 287, 301 (D.N.J. 1993). "[T]he statute is tolled until the plaintiff discovers, or in the exercise of reasonable diligence should discover, the wrong." *Fuqua v. Bristol-Myers Squibb Co*., 2013 U.S. Dist. LEXIS 20557, 32 (D.N.J. Feb. 15, 2013); *see also Doe*, 264 Mich. App. 646-647.

Honeywell argues that it could not have known that UAW did not have authority to represent the retirees until 2011 during the New Jersey District Court action. It alleges that UAW held itself out to be the bargaining representative for retirees by making various misrepresentations that it had

13

authority to act on their behalf. Honeywell also claims that UAW postponed the effective date of the caps in order to delay disclosure of its lack of authority. It further alleges that UAW distributed "communications to its membership reiterating its capacity and authority as a bargaining agent for Honeywell retirees." [Docket No. 26, Pg ID 927]

UAW counters that Honeywell's admissions show that it was aware of a possible issue with authority. Honeywell asserted in its New Jersey complaint that there was an ongoing disagreement regarding retiree healthcare caps. It alleged that "[d]uring collective bargaining agreements in 2007, the Union told Honeywell that all retiree healthcare benefits were legally vested and that the Company could not implement the caps with respect to any present retirees, eligible dependents, and surviving spouses." [Docket No. 32, Pg ID 1559] Honeywell alleged that UAW changed its position a third time during 2011 negotiations. In their counterclaim, Honeywell alleges the parties disagreed on the scope of the caps in 2007 and 2011. [Docket No. 26, Pg ID 909-10]

The Court does not believe that the parties' disagreement as to the scope of the caps put Honeywell on notice that UAW lacked authority to represent the Honeywell retirees. Accepting all allegations in the counterclaim as true, Honeywell and UAW had a long history of negotiating changes to retiree benefits. UAW held itself out as the designated representative for Honeywell retirees on numerous occasions throughout the parties' long history together by making statements to Honeywell during the negotiation process and to other federal courts, and requesting to change the effective date of the caps. UAW even sent communications to its members demonstrating its role as the designated representative. These acts were more than mere silence.

The 2003 CBA provided that the "bargain regarding retiree health care cost benefits shall not impair any existing legal rights that current retirees may have with respect to their post

14

employment health care benefits." [Docket No. 32, Pg ID 1598]. Contrary to UAW's position, the Court is not convinced at this point that the "shall not impair" language in the CBA is a bar to Honeywell's claims. The language does not speak to UAW's authority. The gist of the parties' dispute is the scope of the caps, i.e. whether they are vested. Honeywell may take an opposing position on whether retiree benefits are vested. What this language says about the issue of whether the retiree benefits have vested is a separate issue from whether UAW had authority to negotiate on behalf of retirees. Nothing about this language would put Honeywell on notice that UAW was merely a figurehead negotiator and had no actual authority to bind the retirees to the caps.

Nor do the allegations indicate that Honeywell failed to engage in due diligence. The parties have a long history, spanning approximately 50 years, of negotiating for retiree benefits. Given the parties' history and the UAW's representations, there was nothing to trigger any suspicion in Honeywell that UAW lacked authority.

Limiting its finding to the narrow issue of whether the parties' disagreement as to the scope of the benefits would put Honeywell on notice that UAW lacked authority, the Court finds that time-barred claims are actionable because the statute of limitations was tolled. Honeywell has state a cause of action for fraudulent concealment and filed its claim within two years of discovering (2011) that UAW was not the designated representative for Honeywell retirees.

**D.**

UAW now argues that Honeywell has not adequately plead its claims for misrepresentation.[2] To prevail on a fraudulent or intentional misrepresentation claim, the plaintiff must show: (1) the

---

[2] The parties concede that the elements for misrepresentation under Michigan and New Jersey law are essentially the same. The Court will proceed with analyzing the claims pursuant to Michigan law.

defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false or made it recklessly without any knowledge of its truth; (4) the defendant made the representation intending that the plaintiff act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff suffered injury. *Hi-Way Motor Co. v. International Harvester Co.,* 398 Mich. 330, 336, 247 N.W.2d 813 (1976). The representation must be as to statement of past or existing fact. *Id.* The tort of negligent misrepresentation requires "proof that a party justifiably relied to his detriment on information provided without reasonable care by one who owed the relying party a duty of care." *Law Offices of Lawrence J. Stockler, P.C. v. Rose*, 174 Mich. App. 14, 33, 436 N.W.2d 70 (1989).

The Court agrees that Honeywell has failed to sufficiently allege misrepresentation because the claims are based on legal opinions. "There can be no fraud where a person has the means to determine that a representation is not true." *Cummins v. Robinson Twp.*, 283 Mich. App. 677, 696, 770 N.W.2d 435–36 (2009) (quoting *Nieves v. Bell Industries, Inc.*, 204 Mich. App. 459, 464, 517 N.W.2d 235 (1994)). Allegedly false statements regarding the law are not actionable because they amount to nothing more than an opinion. *See Id.* at 697. Ultimately the parties' dispute rests on whether the retiree benefits have vested. It is well established that once retiree benefits have vested, such benefits cannot be bargained away. *See International Union v. Yard-Man*, 716 F.2d 1476, 1499, n.8 (6th Cir. 1983). Retiree benefits can be changed with the consent of the retirees. *Pittsburgh Plate Glass*, 404 U.S. at 181 n.20. However, Honeywell does not allege that UAW represented that it had consent from the retirees to apply caps to the healthcare benefits. As such, the question of whether the UAW had authority to bind Honeywell retirees to the caps turns on whether the benefits were vested. Although Honeywell is entitled to take a contrary view regarding

16

whether the benefits are vested, this view is ultimately an opinion regarding the law. And a representation on an opinion of law is not actionable as misrepresentation. The Court must dismiss Honeywell's misrepresentation claims as insufficiently plead.

### E.

Finally, UAW argues that Honeywell's implied warranty of authority claim is insufficiently plead. The tort of breach of implied warranty of authority exists under both Michigan and New Jersey law. *See Koss v. Ahepa*, 2012 Mich. App. LEXIS 486, 14, 2012 WL 882422 (Mich. Ct. App. Mar. 15, 2012) (unpublished); *Kaminskas v. Litnianski*, 51 Mich. App. 40, 47, 214 N.W.2d 331 (1973); *see also CNH*, 645 F.3d at 793–94. "'[W]here an agent undertakes to contract on behalf of another, and contracts in a manner which is not binding on his principal, he will be personally responsible, as he is presumed to know the exact extent of his authority." *Koss*, 2012 Mich. App. LEXIS 486 at 14. The party claiming a breach of implied warranty of authority "must have been ignorant of the lack of authority and acted upon the faith of the express or implied representations that the professed agent had the authority assumed." *Kaaminskas*, 51 Mich. App. At 46.

Honeywell alleges that UAW implied that it had authority to negotiate on behalf of retirees when it entered into the CBAs and by submitting various filing in an unrelated federal court action in Ohio. Honeywell claims that it undertook additional obligations in reliance on UAW's authority to negotiate and bind the retirees. UAW argues that Honeywell could not have reasonably relied on the implied warranty of authority because it is contrary to the CBA and federal labor law. However, it does not appear that reasonable reliance is a requirement for relief. Rather, "any representation which is false in fact and actually deceives the other and is relied on by him to his damage is actionable . . . where the loss of the party deceived inures to the benefit of the other."

17

*Maxman v. Farmers Ins. Exhcange*, 85 Mich. App. 115, 122, 270 N.W.2d 534 (1978). The Court finds that Honeywell has adequately pled a claim for breach of implied warrant of authority.

### III.

In sum, the Court finds that Honeywell's claims are not preempted by the NLRA or § 301 of the LMRA. Furthermore, the statute of limitations has not tolled on Honeywell's fraud, negligent misrepresentation, or implied warranty of authority claims because Honeywell has adequately pled a claim for fraudulent concealment. The Court, however, does find that Honeywell's negligent misrepresentation and fraud claims are insufficiently pled because the claims are based on statements of opinion and not a statement of past or existing fact. The Court finds that Honeywell has retained its claim for breach of the implied warranty of authority.

Accordingly,

**IT IS ORDERED** that UAW's Motion to Dismiss Honeywell's Amended Counterclaim [Docket No. 32, filed April 24, 2012] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Honeywell's Counterclaim [Docket No. 26, filed March 13, 2012] is **DISMISSED IN PART** consistent with this opinion.


Dated: March 28, 2013        S/Denise Page Hood
                             Denise Page Hood
                             United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2013, by electronic and/or ordinary mail.

                             S/LaShawn R. Saulsberry
                             Case Manager