UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW), *et al.*,

        Plaintiffs,

v.

        Case No. 11-cv-14036
        Honorable Denise Page Hood

HONEYWELL INTERNATIONAL INC.,

        Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW), Thomas Bode, Bruce Eaton, William Burns, Peter Antonellis, and Larry Preston filed this class action against Defendant Honeywell International, Inc. on September 25, 2011. UAW filed a Motion to Dismiss Honeywell's Amended Counterclaim on April 24, 2012 and this Court granted in part and denied in part the motion on March 28, 2013. This timely Motion for Reconsideration followed. Specifically, UAW requests that the Court dismiss Honeywell's implied warranty of authority state law tort claim because it is based on a legal opinion. UAW further argues that the claim is inadequately plead and

preempted by section 301 of the Labor Management Relations Act. For the reasons stated below, UAW's motion for reconsideration is DENIED.

A party may seek reconsideration of a judgment or order within 14 days of entry of that judgment or order. E.D. Mich. L.R. 7.1(h)(1). A response or hearing on the motion for reconsideration is impermissible unless the Court orders otherwise. *Id.* at (h)(2). The Court may properly grant a motion for reconsideration if the movant satisfactorily shows that: (1) the existence of a palpable defect that misled the parties and the Court; and (2) the correction of which would result in a different disposition of the case. *Id.* at (h)(3). The Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.* A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). UAW has filed a timely request for reconsideration of the Court's March 28, 2013 Order. This matter does not require a hearing nor a response.

The Court finds that UAW has not satisfied the standard for reconsideration because it has not raised any significant arguments that were not already addressed by this Court explicitly or implicitly in its March 28, 2013 Order. UAW represents the same arguments that were previously before the Court. This is insufficient to meet the high burden of demonstrating the existence of a palpable defect that mislead the Court

or that correction of such a defect would necessarily result in a different disposition of this case. Therefore, UAW's motion for reconsideration is denied.

Accordingly

IT IS ORDERED that Plaintiffs' Motion for Reconsideration [Docket No. 46, filed April 11, 2013] is DENIED.

IT IS SO ORDERED.

                          S/Denise Page Hood
                          Denise Page Hood
                          United States District Judge

Dated: August 6, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 6, 2013, by electronic and/or ordinary mail.

                          S/LaShawn R. Saulsberry
                          Case Manager