UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW), and
THOMAS BODE, BRUCE EATON,
WILLIAM BURNS, PETER ANTONELLIS,
and others similarly-situated,

        Plaintiffs,

v.

Case No. 11-CV-14036
Hon. Denise Page Hood

HONEYWELL INTERNATIONAL INC.,

        Defendant.

_____/

**ORDER GRANTING DEFENDANT'S
MOTION FOR ENTRY OF JUDGMENT [#195]**

## I.    INTRODUCTION

Plaintiffs filed the present action on September 15, 2011.  On June 10, 2020, Honeywell filed a Motion for Entry of Judgment (the "Motion"). ECF No. 195.  The Motion has been fully briefed, and pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Motion will be determined without oral argument. ECF No. 199.  For the reasons that follow, the Motion is granted.

## II.   BACKGROUND

On March 29, 2018, the Court entered an Order holding, in part, that Defendant Honeywell International Inc. ("Honeywell") was required to pay "full-premium" benefits during the term of the parties' 2011 CBA, and so was required to "make whole" retirees who had received lesser amounts. ECF No. 161 at PgID 7801.  On July 25, 2018, the Court entered an Order denying Plaintiffs' motion for summary judgment and granting Honeywell's cross-motion for summary judgment. ECF No. 186 The Court entered a Judgment concurrent with that Order that stated: "**IT IS ORDERED AND ADJUDGED** that pursuant to this Court's Order entered on July 25, 2018, this cause of action is **DISMISSED WITH PREJUDICE**." ECF No. 187.

In an Opinion dated April 3, 2020, the Sixth Circuit reversed that conclusion, holding that:

> For these reasons, we AFFIRM the district court's decision that (1) the pre-2003 CBAs did not vest lifetime, full-premium benefits, and (2) the 2003, 2007, and 2011 CBAs did not vest lifetime, floor-level benefits. We also AFFIRM its dismissal of the UAW's claim that Honeywell received windfall financial advantages. And we REVERSE its decision that the 2011 CBA did not end Honeywell's obligation to make full-premium contributions during the terms of that CBA. Finally, we REMAND this case to the district court for any further proceedings that might be needed to effectuate our opinion.

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers Of Am. v. Honeywell Int'l, Inc.*, 954 F.3d 948, 961 (6th Cir. 2020).  The Sixth Circuit also issued

a "Judgment" concurrent with that Opinion.  The "Judgment" provided that the:

> district court's decision that (1) the pre-2003 CBAs did not vest lifetime, full-premium benefits, and (2) the 2003, 2007, and 2011 CBAs did not vest lifetime, floor-level benefits, and its dismissal of the UAW's claim that Honeywell received windfall financial advantages are AFFIRMED. IT IS FURTHER ORDERED that its decision that the 2011 CBA did not end Honeywell's obligation to make full premium contributions during the terms of that CBA is REVERSED.

*See* ECF No. 193 at PgID 9181 (the last page of that docket entry).  On May 19, 2020, the Sixth Circuit entered its mandate. ECF No. 194.

### III.  ANALYSIS

Honeywell moves the Court to enter a new judgment that reflects the Sixth Circuit's recent opinion, relying on Federal Rule of Civil Procedure 58.  Rule 58 provides that "[e]very judgment and amended document must be set out in a separate document," F.R.C.P. 58(a), and "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." F.R.C.P. 58(d).  Honeywell relied on *Meier v. Green*, 2007 WL 3379695, at *1 (E.D. Mich. Nov. 14, 2007), a case in which the court held that, "In the absence of any reason why a separate judgment should not issue, the court will grant Defendant's motion."

Plaintiffs' response does not challenge the appropriateness of a new judgment, except to state that the Court's July 25, 2018 Judgment already grants Honeywell the relief it seeks now: dismissal of Plaintiff's cause of action, with prejudice.  Plaintiffs

3

assert that the Motion is simply an attempt to create a new Judgment from which Honeywell can file a motion for attorney fees as a prevailing party. Plaintiffs argue, however, that the July 25, 2018 Judgment already established Honeywell as the prevailing party because it was on that date that the Court dismissed Plaintiffs' cause of action, with prejudice.

Based on the July 25, 2018 Judgment, Plaintiffs claim that Honeywell has always been a "prevailing party," both in this Court and in the Sixth Circuit, such that the Sixth Circuit did not create Honeywell as a "new prevailing party" in its May 2020 opinion. Plaintiffs contend that the appeal eliminated the never-implemented district court "determination" regarding the expired 2011 CBA, a "smaller question" that, according to Honeywell, was "separate" from the healthcare vesting question at the center of the retirees' ERISA/LMRA class action and stayed pending appeal. ECF No. 184, PgID 9097, n.2. Plaintiff argues that Honeywell never complied with that "determination," as it was stayed, and that the Sixth Circuit's determination requires no "further proceedings" and has no practical impact.

Honeywell, in essence, acknowledges that a primary reason it is seeking the new judgment is that a new judgment would trigger the time period for Honeywell to file a motion for an award of attorneys' fees and costs from the UAW. Honeywell argues that it is only now that the Sixth Circuit has ruled that it is the prevailing party

4

in this ERISA litigation. Honeywell contends that, even though this Court previously entered a judgment in 2018, the Sixth Circuit's reversal in April 2020 of this determination's 2018 determination, the 2018 judgment must be replaced with a new judgment that complies with the Sixth Circuit's ruling (triggering a new 28-day period within which Honeywell can seek fees). Citing Advisory Notes, Fed. R. Civ. Proc. 54 ("A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court.").

Plaintiff asserts that Honeywell misreads the Rule 54 Advisory Committee Notes (1993), which addresses a situation where reversal on appeal creates a "new prevailing party." The Sixth Circuit explains: it "makes sense" for a "new prevailing party" to have the opportunity to file a post-appeal fee motion because that party could not have filed a timely fee motion in the district court. *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 690 (6th Cir. 2005). Because Plaintiffs assert that Honeywell is not a "new prevailing party," they contend that Honeywell could have filed a timely fee motion within 28 days of this Court's July 25, 2018 judgment—but Honeywell chose not to file a fee motion.

The Court, however, finds that the issue of entitlement to attorney fees is not relevant to resolution of the Motion. There is no pending motion regarding attorney fees. Whether such a motion is filed or is meritorious is not a factor for the Court to

consider when determining whether to enter judgment – or a new or amended judgment.

The Court also finds that the Sixth Circuit's "Judgment" is not a final resolution of this case. First, in its Opinion, the Sixth Circuit stated that it was remanding the case to this Court "for any further proceedings that might be needed to effectuate the [Sixth Circuit's] opinion." *Honeywell*, 954 F.3d at 961. If the Sixth Circuit's "Judgment" was to constitute a final resolution of this matter, the Sixth Circuit would not have remanded the case to this Court.

Second, the Sixth Circuit has recognized that, even after it issues a decision, there remains the need to enter judgment in the district court. *See, e.g., Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Nat. Resources*, 71 F.3d 1197, 1202 (6th Cir. 1995) ("the appellate courts' powers necessarily operate in conjunction with the district court, where actual closure of cases occurs," and district courts must "obey the terms of the mandate and carry [them] into effect."). That court stated that it would be error to decline to enter judgment merely on the view that a higher court has already granted relief. *Id*. ("Our shortcomings do not, however, excuse the district court from its duty to enter a judgment granting Fort Gratiot the relief it received from the Supreme Court.").

The Court concludes that a new judgment is needed. Prior to the Court's entry

of Judgment on July 25, 2018, the Court twice concluded that the 2011 CBA did not end Honeywell's obligation to make full-premium contributions during the terms of that CBA. Specifically, the July 25, 2018 Order reiterated the Court's holding in the March 29, 2018 Order that Honeywell was required to make certain payments to retirees under the terms of the 2011 CBA. See ECF No. 186 at PgID 9129; ECF No. 161, PgId 7801, 7816 (requiring Honeywell to "make whole" retirees who had received less than "full premium" benefits during the term of the parties' 2011CBA). And, based on that holding, Honeywell was liable for millions of dollars in premiums.

In the Sixth Circuit's April 3, 2020 Opinion, the Sixth Circuit reversed that ruling, *Honeywell*, 954 F.3d at 958–60, so it is no longer operative. For that reason, even though the Court dismissed Plaintiffs' cause of action with prejudice on July 25, 2018, the Court finds that a new judgment reflecting the entirety of the Sixth Circuit's ruling is necessary. The Court's 2018 Judgment is no longer accurate because it incorporates a ruling holding Honeywell liable for certain payments and that ruling has since been reversed.

The Motion is granted, and the Court will enter a new, amended judgment.

## V. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion for Entry of Judgment, ECF No. 195, is GRANTED.

IT IS FURTHER ORDERED that a new, amended judgment will be entered separately.

IT IS ORDERED.

Dated: April 5, 2022

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE