UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW);
THOMAS BODE, BRUCE EATON,
WILLIAM BURNS, PETER,
ANTONELLIS, and LARRY PRESTON,
for themselves and others similarly-situated,

      Plaintiffs,

v.

HONEYWELL, INTERNATIONAL, INC.,

      Defendant.
_____/

Case No 11-14036

Denise Page Hood
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S
MOTION FOR ERISA ATTORNEYS' FEES (ECF No. 202)**

**Background**

  The plaintiffs in this case are the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW") and a number of individual retirees of defendant Honeywell International, Inc. ("Honeywell"). This long and hotly-litigated case concerned whether, in certain collective bargaining agreements ("CBAs") between Honeywell and its retirees, Honeywell promised the retirees lifetime health insurance benefits, and if so, at what level. Honeywell won that battle.

  On April 3, 2020, by a two-to-one vote, a Sixth Circuit Court of Appeals panel ruled that: (1) the parties' pre-2003 CBAs did not vest lifetime, full-premium benefits for all pre-

2003 retirees; and (2) the 2003, 2007, and 2011 CBAs did not vest minimum lifetime "floor-level benefits" for the remaining retirees.[1] The basis for that decision was the various CBAs, both pre-2003 and later, contained "durational clauses" which cut off Honeywell's obligations under the respective CBAs – including to pay the health care benefits at issue – at the end of the durational periods. The Sixth Circuit majority held that the verbiage in the CBAs on which the retirees were relying to argue for at least some level of "lifetime" benefits was not sufficiently "disconnected" from the durational clauses to extend the benefit beyond the CBAs' respective end dates.

The dissenting Sixth Circuit Judge, Judge Jane B. Stranch, would have ruled differently on the floor-level benefits issue and would have found that applying "ordinary principles of contract law" "[t]he plain language [of the CBAs] supports only one reasonable interpretation: the parties agreed that Honeywell's floor-level payment could 'not be less than' its actual or estimated 2007 contribution going forward, regardless of whether the company tried to back away from that commitment in any 'future negotiations.'" Judge Stranch's strongly worded dissent as to the retirees' "floor-level" argument is important because Honeywell has filed the instant Motion for ERISA Attorneys' Fees against the UAW *because* it chose to litigate *that particular issue*. (ECF No. 202).

Honeywell's motion, which has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), was fully briefed, and the Court

---

[1] Though not pertinent here, the Sixth Circuit also held that the retirees' claims that Honeywell had taken certain "windfall" advantages at the retirees' expense was moot.

heard oral argument on October 26, 2022. (ECF Nos. 203, 206, 207). For the reasons discussed below, Honeywell's motion should be denied.

**Applicable Standards**

Honeywell brings its instant Motion for ERISA Attorneys' Fees under 29 U.S.C. § 1132(g)(1), which provides, "In any action under this subchapter [] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). While the statute provides no guidance as to when the court should exercise this discretion, the Court must examine the following factors to determine whether a fee award is appropriate:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Schleben v. Carpenters Pension Tr. Fund-Detroit & Vicinity*, No. 13-CV-14464, 2016 WL 806707, at *5–6 (E.D. Mich. Mar. 2, 2016) (citing *Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 376 (6th Cir. 2009) (citation omitted) and *Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir.1985) (creating the five-factor test).

"No single factor is determinative." *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642–43 (6th Cir. 2006) (per curiam).[2]

---

[2] Though "a fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)," *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (internal quotation marks and citations omitted), as a result of the Sixth Circuit's rulings, Honeywell clearly meets this requirement.

3

**Discussion**[3]

Overall, the factors the Court must consider in passing on Honeywell's fee motion weigh strongly in favor of declining to exercise the discretion given to it under 29 U.S.C. § 1132(g)(1).

First, far from "culpable" or "bad faith" conduct, the UAW's litigation of the "floor-level" lifetime benefits argument reflects creative and zealous advocacy. The 2003 CBA was the first to include Honeywell's "floor-level" payment obligations. In relevant part, that CBA provided:

> The Company's contribution for health care coverage *after 2007 for present and future retirees*, their dependents, and surviving spouses covered under the UAW Honeywell Master Agreement *shall not be less than* (A) the actual amount of the Company's retiree health care contribution in 2007 or (B) the Company actuary's 2003 estimate of the Company's retiree health care contribution in 2007, whichever is greater. As stated above, *this limit will be a mandatory subject of bargaining for 2007 UAW Honeywell Master Negotiations <u>and for all future UAW Honeywell Master Negotiations.</u>* <u>*Notwithstanding such negotiations, the Company's contributions shall not be less than*</u> the greater of: (A) the actual amount of the Company's retiree health care contribution in 2007 or (B) the Company actuary's 2003 estimate of the Company's retiree health care contribution in 2007.
> The above limit on Company retiree healthcare contributions *will not apply to any year prior to calendar year 2008.*

(ECF No. 193, PageID.9177) (emphases added).

---

[3] In addition to its arguments against an award of attorneys' fees under 29 U.S.C. § 1132(g)(1), the UAW argues that such an award would be inappropriate because: (1) Honeywell's motion was tardy; and (2) only the individual retiree plaintiffs brought a claim under ERISA, whereas the UAW's claims (Counts I and II of the complaint) were brought only under the Labor Management Relations Act, 29 U.S.C. §185. (ECF No. 206). Additionally, the UAW argues that Honeywell's attorneys' fee request is based on an unreasonable number of hours worked and unreasonable rates charged by Honeywell's attorneys. (*Id.*). Because an analysis of the aforementioned five factors clearly favors denying Honeywell's motion, the Court declines to address these other arguments.

Analyzing the foregoing provisions under "ordinary principles of interpretation," Judge Stranch concluded not only that the retirees' interpretation – that Honeywell had contractually committed to provide its "present and future" retirees with a lifetime "floor-level" "health care coverage" benefit – was reasonable, but that it was the "only [] reasonable interpretation." (*Id.*, PageID.9178). As Judge Stranch explained, under the provision's plain language, "the parties agreed that Honeywell's floor-level payment could 'not be less than' its actual or estimated 2007 contribution going forward, regardless of whether the company tried to back away from that commitment in any 'future negotiations.'" (*Id.*). Judge Stranch also noted that "the floor-level obligation did not even take effect until January 1, 2008—almost eight months *after* the general durational clause's expiration date of May 3, 2007. To make the general durational clause apply to these contributions, the majority must conclude that Honeywell's negotiated commitment, notwithstanding any future negotiations, expired before it even began." (*Id.*) (emphasis in original).

While Judge Stranch's analysis failed to convince the other two Sixth Circuit Judges on the panel, it clearly cuts against finding that the UAW engaged in "culpable" or "bad faith" conduct in pressing the argument. Similarly, it shows that the "relative merits" of the parties' positions were not nearly as one-sided as Honeywell claims. Whereas Honeywell argues that the UAW's "floor-level" payment argument was "unreasonable," and failed because "the CBAs were subject to express durational clauses, and the limit provision itself (which [the UAW] contended was no limit at all, and instead created a 'floor' for healthcare benefits []) was subject to the additional durational clauses in the

5

Agreements Regarding Insurance" (ECF No. 202, PageID.9269), this ignores other language in the salient provision which at least arguably – and, according to Judge Stranch, unambiguously – bound Honeywell to perform certain obligations beyond the otherwise-specified durational period. Indeed, the provision provided for "mandatory" *future* bargaining beyond the durational period, and specified that "notwithstanding" the outcome of those "negotiations," Honeywell "shall," i.e., **must**, contribute a minimum level toward retirees' health care. Again, while that issue was ultimately decided in Honeywell's favor, the merits are not so one sided as to make an award of attorneys' fees appropriate.

While an award of attorneys' fees to Honeywell in this case may well have a "deterrent effect" on some retirees, where, as here, there is nothing untoward to deter, the bigger concern is the chilling effect such an award might create for other ERISA plaintiffs who might decide not to pursue colorable claims out of fear that they could be saddled with a significant bill if those claims fail. *Salovaara v. Eckert*, 222 F.3d 19, 31 (2d Cir. 2000) ("where, as in this case, an ERISA plaintiff has pursued a colorable (albeit unsuccessful) claim, the [deterrence] factor likely is not merely neutral, but weighs strongly against granting fees to the prevailing defendant."); W*arner v. DSM Pharma*, 452 Fed.Appx. 677, 681 (6th Cir. 2011) (denying employer's attorneys' fee request because an ERISA plaintiff "making a losing legal argument is not enough" to justify a fee award under 29 U.S.C. § 1132(g)(1) and because the "lack of any evidence of deliberate misconduct or improper motives... means that relative positions of the parties are no different than any other case where one party advanced a claim that was ultimately rejected by the district court"). Thus, this factor weighs against an award of attorneys' fees in this case.

The final two factors the Court must consider might favor Honeywell somewhat, but are significantly outweighed by the other factors discussed above. As to whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA – the analysis is somewhat split. On the one hand, this factor seems to be aimed at advancing ERISA's goal of "protect[ing] . . . the interests *of participants* in employee benefit plans and their beneficiaries," not employers. 29 U.S.C §1001(b) (emphasis added). But here, not only did Honeywell not seek to confer a benefit on its retirees, it advocated a position that would save itself untold sums of money, while perhaps costing its retirees much more. On the other hand, the case clearly resolved a significant legal question, and Honeywell had every right to zealously advocate a position it believed was in its best interest. Finally, although UAW's ability to pay the $263,485 in attorneys' fees sought by Honeywell appears not to be in doubt, this factor is of significantly less importance here where the more substantive considerations mitigate against awarding fees to Honeywell. In short, where an award of attorneys' fees is otherwise unwarranted, the UAW's ability to pay them is immaterial.

In sum, the factors the Court must consider in passing on Honeywell's fee motion weigh strongly in favor of declining to exercise the discretion given to it under 29 U.S.C. § 1132(g)(1). Accordingly, Honeywell's Motion for ERISA Attorneys' Fees (ECF No. 202) should be denied.

**Conclusion**

For the reasons set forth above, **IT IS RECOMMENDED** that Honeywell's Motion

for ERISA Attorneys' Fees **(ECF No. 202)** be **DENIED**.

Dated: November 28, 2022  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 28, 2022.

                                                  s/Michael E. Lang
                                                  MICHAEL E. LANG
                                                  Case Manager